UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM D. DORRIS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:12CV65 HEA |
| BI-STATE DEVELOPMENT AGENCY d/b/a METRO TRANSIT, | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 7]. For the reasons set forth below, the Motion is granted. Plaintiff will be given leave to amend his Complaint.

## Factual Background

Plaintiff filed his Petition in the Circuit Court for the City of St. Louis, Missouri on November 30, 2011. Defendant removed the matter to this Court based on the Court's federal question jurisdiction, claiming that Plaintiff's cause of action was completely preempted by the Labor Management Relations Act, 29 U.S.C. § 185.

Plaintiff's Petition alleges that he was employed by Defendant pursuant to a written contract between Defendant and Amalgamated Transit Union Local 788. Plaintiff claims that Defendant breached this collective bargaining agreement by

refusing and failing to acknowledge that the drug testing procedure done on Plaintiff was done in violation of federal and state regulations. Plaintiff further alleges that Defendant's actions in terminating his employment in December, 2006 also breached the collective bargaining agreement. Plaintiff alleges that he exhausted his administrative and grievance procedures under the contract.[1]

## Discussion

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual

---

[1] Defendant asserts that it has no record of any exhaustion, however, for the purposes of this motion, Defendant assume said exhaustion.

allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendant argues that under the collective bargaining agreement,[2] it was allowed to make reasonable rules and regulations for the conduct of its employees, and one such rule was Defendant's Drug & Alcohol Policy.[3] Moreover, Defendant observes that it is required by federal law to implement and maintain a drug and alcohol policy. 49 C.F.R. Part 40, 49 C.F.R. Part 655. Defendant's Policy states that "strict compliance with Metro's Alcohol and Drug Policy and Education and Testing Program is a condition of employment." Violations oft he Policy lead to disciplinary action, up to and including termination.

Under the collective bargaining agreement, any employee that is discharged, suspended or otherwise disciplined may file a grievance in writing within five days after such action. Any questions relating to grievances or the interpretation of any provision of the collective bargaining agreement between Defendant and the Union or employees which cannot be resolved amicably are required to be submitted to arbitration. The parties agreed in the collective bargaining agreement that arbitration is final and binding.

---

[2] Defendant has attached a copy of the collective bargaining agreement to its motion. Under Rule 12(b)(6), the Court is restricted to analyzing the sufficiency of the pleadings alone. However, the Court may consider those documents which are "necessarily embraced by the pleadings." See *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (citation and internal quotation marks omitted). In this case, the pleadings embrace the collective bargaining agreement between Defendant and Amalgamated.

[3] The Drug & Alcohol Policy is also attached to Defendant's motion, which the Court, again, can consider. See footnote 2.

In order for an employee to bring an individual action against his employer for a breach of a collective bargaining agreement, the employee must bring a "hybrid" action under Section 301; the employee must allege and prove that his union breached its duty of fair representation. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163 (1983);*Waldron v. The Boeing Company*, 388 F.3d 591, 593 (8th Cir. 2004).

Although Plaintiff alleges that he exhausted his contractual procedures before filing his suit, he fails to allege that his Union breached its duty of fair representation. As such, Plaintiff's Petition fails to state a cause of action. *DelCostello*, 462 U.S. at 163.

Defendant also argues that Plaintiff's action is barred by the applicable statute of limitations for Section 301 actions. Pursuant to Section 10(b) of the National Labor Relations Act, hybrid claims are subject to a six month limitation period. Although Defendant argues that Plaintiff's action is barred, the Court is not at liberty to make such a ruling on a motion to dismiss. Defendant's attachment of affidavits supporting its argument are not properly before the Court at this time. While it very well may be that Plaintiff's action is barred, at this stage of the litigation, Plaintiff must be given the opportunity to allege the requirements of a hybrid action and assert that the action is timely.

## Conclusion

Plaintiff's Complaint contains no allegations of any breach of the Union's duty of fair representation, nor that such an action is timely.

The Court will allow Plaintiff to file an amended Complaint to cure the defects of his original Petition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 7], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 25th day of April, 2012.

                                                                      HENRY EDWARD AUTREY
                                                                      UNITED STATES DISTRICT JUDGE